IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
08 JUN 12 PM 4: 46
CLERK - LAS CRUCES

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No 08-833-RB |
| ) | |
| HERDEL R. DAUBON ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Presently before the court are defendant Herdel Daubon's various motions in limine, including a motions to: (1) exclude late discovery (Dkt. No. 54); (2) exclude photographs (Dkt. No 56); and (3) exclude expert testimony (Dkt. No. 61). The court held a hearing on the matter on June 12, 2008, and ordered the parties to submit copies of discovery for the court. After reviewing the provided documentation, and considering both the briefs and the oral arguments, the court denies all the motions for the following reasons.

### I. Alleged Facts

The following facts were taken from the complaint. These facts are not necessarily taken as true, and are stated here just for the sake of background information.

Mr. Daubon was arrested on April 14, 2008 and was charged by the grand jury on April 22, 2008 with several counts including possession with Intent to Distribute approximately 315 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); and false claim to US citizenship in violation of 8 U.S.C. § 911.

According to the complaint, the government alleges that on April 14, 2008, at

approximately 7:45AM, border patrol agent (BPA) Aguilera encountered the defendants at the US Border Checkpoint. Daubon was driving a 2004 Freightliner tractor that was pulling a 1999 Wabash trailer. Both Daubon, and his passenger James, claimed to be US citizens, but were later determined to be Jamaican citizens legally in the United States, but traveling without immigration documents.

BPA Aguilera noticed that Daubon's hand was shaking, and then received consent from Daubon to look into the sleeper, behind the curtain of the trailer. He was given permission a second time, and then saw several duffle bags, which Daubon stated were part of the military cargo that he was carrying in the trailer. BPA Aguilera thought that was unusual, and asked for and received consent to inspect the truck with a K-9, which ultimately gave a positive indication in the sleeper. The agents then found 8 duffle bags in the sleeper with 31 bundles of green leafy substance that field tested positive for marijuana.

Defendant James, who has already entered a guilty plea in the case, was advised of his constitutional rights, and agreed to answer questions. He told the police that he overheard a conversation at a truck stop near Phoenix, AZ about $2 million hidden nearby and that he found the duffle bags and put them in his truck without looking to see the contents, and without informing Mr. Daubon of his actions.

## II. Motions in Limine

### 1. Motion to Exclude Late Discovery

Mr. Daubon seeks an order prohibiting the government from introducing any evidence that it had in its possession but did not disclose to the defendant prior to the court's call of the calendar conference held on June 6, 2008.

Mr. Daubon argues that the government violated the court's discovery order by untimely producing a significant amount of material. Mr. Daubon claims that because the court issued a discovery order, which required the government to provide discovery to the defendant within 8 days of the order, and because the defense did not receive a lot of information until June, that the information disclosed should be suppressed due to the violation of the court's order.

Rule 16 provides for disclosure of the information in question. The rule also provides several remedies for a violation of the rule, which are generally in the broad discretion of the court. Nevertheless, the United States Supreme Court has held that the "Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

After carefully reviewing the documents in question, the motion is denied, particularly because the late discovery does not appear to amount to a *Brady* violation, since none of the discovery seems to exculpate Daubon. Further, based on the government's argument during the hearing, it does not appear that it was simply withholding the discovery without a proper reason; instead, it appears as though they disclosed the information once they received it from the agents.

2. Motion to Exclude Photographs

Mr. Daubon seeks an order prohibiting the government from introducing the photographs obtained from his cellular phone, which apparently depict large amounts of cash banded together and set on a table. Although the government did not tell Mr. Daubon it planned on using the pictures until June, Mr. Daubon nevertheless had the phone in his care, custody, and control much longer than the government, and thus had access to the photographs contained in

that phone for a long period of time. As such, the motion is denied.

In order to admit the photographs into evidence, however, the proper foundation and relevancy must still be proven at trial.

3. Motion to Exclude Expert Testimony

Mr. Daubon seeks an order excluding the proposed expert testimony of DEA special agent William Kirkpatrick, who is expected to testify about the operations of drug-trafficking schemes and how individuals involved in such schemes typically behave. Mr. Daubon makes several arguments to exclude the testimony, including, for example, that it is irrelevant, as well as a violation of *Daubert* and Fed. R. Evid. 403 and 702.

The admissibility of expert testimony at trial is governed by Fed.R.Evid. 702. This rule states, in relevant part:

> If ... specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion ..., if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. The Tenth Circuit has repeatedly held that" in narcotics cases, expert testimony [by a law enforcement officer] can assist the jury in understanding transactions and terminology." *United States v. Quintana*, 70 F.3d 1167, 1171 (10th Cir.1995). Based on that standard, it is plausible that Agent Fitzgerald's testimony should be admissible as expert testimony because it would be offered as his opinion regarding Daubon's alleged drug trafficking organization. As such, the court denies the motion.

Further, this court does not necessarily even view Agent Kirkpatrick's testimony as

"expert" testimony. Agent Kirkpatrick is the agent assigned to the case, who has personal knowledge of many of the facts surrounding the case. He is also an experienced agent, who has testified in numerous other trials. As such, his testimony will be allowed in, and the jury should be capable of giving it the proper weight, if any.

### III. Conclusion

IT IS ACCORDINGLY ORDERED, this 12th day of June 2008, that defendant Herdel Daubon's various motions in limine, including a motions to: (1) exclude late discovery (Dkt. No. 54); (2) exclude photographs (Dkt. No 56); and (3) exclude expert testimony (Dkt. No. 61) are all denied.

J. THOMAS MARTEN
UNITED STATES DISTRICT COURT JUDGE