IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 18 2008

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HERDEL R. DAUBON,<br><br>Defendant. | Case No. 08-833-RB |

## MEMORANDUM AND ORDER

Presently before the court is defendant Herdel Daubon's (Daubon's) oral motion to suppress statements made to law enforcement. The court held an evidentiary hearing on June 16, 2008, and took the matter under advisement. After carefully considering the evidence presented, as well as the supplemental briefing provided by the parties, the court denies the motion.

### I. Facts

The following facts are a summary of the evidence presented at the evidentiary hearing though the testimony of Border Patrol Agent Carlos Medina, and DEA Special Agent William Kirkpatrick.

Mr. Daubon, and his co-defendant, Mr. James, were stopped at a checkpoint on April 14, 2008, where border patrol agents discovered approximately 700 pounds of marijuana in duffle bags in the truck that Mr. Daubon was driving. Both defendants were then taken into custody.

Agent Medina testified that he witnessed Agent Rodriguez (who was unavailable to testify) inform Mr. Daubon of his rights by reading from the I-214 form (Government Exhibit 1).

Although Mr. Daubon did sign the portion of the form indicating that his rights had been read to him, he did not sign the portion of the form indicating that he waived his rights. Agent Medina did not interview Mr. Daubon, and did not recall anyone else interviewing Mr. Daubon at the checkpoint.

DEA Agents responded to the checkpoint, and took over the investigation. Agent Kirkpatrick testified that he, along with Agent Yarnell, picked up Mr. Daubon and Mr. James from the checkpoint where the defendants were stopped, and transferred them to the DEA office in Las Cruces, which is about a 50-minute drive.

Agent Kirkpatrick testified that he had the I-214 form when he returned to Las Cruces, and that he knew that Mr. Daubon had not signed the waiver of the form. Agent Kirkpatrick further testifed that, in most cases, both portions of the form will be signed, and thus it was unusual for the waiver part to not be signed.

Upon reaching the DEA office, Agent Kirkpatrick read Mr. Daubon his *Miranda* rights, using a DEA Form 13A, which is a wallet-sized card titled "Oral Warnings to be Given to a Subject Prior to Interrogation." Agent Kirkpatrick testified that Mr. Daubon indicated that he understood his rights as read to him. However, when asked whether Mr. Daubon would answer some questions, Agent Kirkpatrick testified he could not recall for certain, but that Mr. Daubon might have said "What kind of questions?" or that Mr. Daubon indicated tht he would answer questions, "If they weren't too heavy." Agent Kirkpatrick then interrogated Mr. Daubon and elicited statements concerning his travel, and Mr. Daubon's knowledge of the presence of the duffle bags in the sleeper. Agent Kirkpatrick further testified that he ceased asking Mr. Daubon questions either because Mr. Daubon asked for an attorney, or because Mr. Daubon was evasive

in answering his questions.[1]

## II. Legal Standard

The Fifth Amendment "requires the government to cease questioning a suspect if he invokes his right to remain silent and permits the government to reopen questioning only if the subject consents." *United States v. Orduna-Martinez*, 491 F. Supp. 2d 1021, 1029 (D. Kan. 2007) (citing *United States v. Alexander*, 447 F.3d 1290, 1293 (10th Cir. 2006)). If a suspect invokes his right, the admissibility of further statements by the suspect depends on "whether his right to cut off questioning was scrupulously honored." *Id.* (citing *Michigan v. Mosley*, 423 U.S. 96, 104 (1975)).

In regard to whether a defendant invokes his right to remain silent, the applicable standard requires that a suspect must "articulate his desire to cut off questioning with sufficient clarity that a reasonable police officer in the circumstances would understand the statement to be an assertion of the right to remain silent." *Id.* at 1030. Officers are only allowed to reinitiate questioning if: "(1) at the time the defendant invoked his right to remain silent, the questioning ceased; (2) a substantial interval passed before the second interrogation; (3) the defendant was given a fresh set of *Miranda* warnings; (4) the subject of the second interrogation was unrelated to the first." *United States v. Rambo*, 365 F.3d 906 (10th Cir. 2004).

## III. Analysis

In this case, Mr. Daubon was read his *Miranda* rights twice. Further, the fact that he did

---

[1] The court's task could have been simplified had a video-recording been made of the interview. However, as Agent Kirkpatrick testified, the DEA is not <u>required</u> to tape such interviews. While the ability to record these interviews is well within the DEA's capability, presumably the DEA has its reasons for not doing so as a matter of routine.

not sign the waiver is not conclusive of anything. Instead, the record indicates that Mr. Daubon understood his rights, and thus knew that he had the ability to assert his rights any time he wanted to. The fact that he did not sign the waiver does not necessarily lead to the suppression of his statements, particularly because he did not say anything to the border patrol agents, or while en route to the DEA office. Upon reaching the DEA office, Mr. Daubon was read his *Miranda* rights again by Agent Kirkpatrick. After indicating that he understood his rights, Mr. Daubon chose to talk with the DEA, and then, in a further indication that he understood his rights, stopped the inverview by asserting his right to an attorney. As such, the court is convinced that there was not a violation of *Miranda*, and thus the motion is denied.

IT IS ACCORDINGLY ORDERED this 18th day of June, 2008, that defendant Daubon's oral motion to suppress statements made to Law Enforcement is denied.

J. THOMAS MARTEN, JUDGE